Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com

*Attorneys for Defendant DM Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* PATRICK COLLIGAN and PETER ANDREYEV<br><br>Plaintiffs,<br><br>v.<br><br>DM GROUP, INC., RICHARD DOES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | (Electronically Filed)<br><br>CIVIL ACTION<br><br>Civil Action No. _____<br><br>State Docket No.: MID-L-000990-24 |

## D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT

1.      The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Patrick Colligan, and Peter Andreyev.

2.      The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

3. The remaining plaintiff addresses are unknown to DM Group, Inc., which is filing this Notice of Removal.

4. Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of GENOVA BURNS LLC, 494 Broad Street, Newark, NJ 07012 and John A. Yanchunis, Esq., MORGAN & MORGAN, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

5. The defendant in this action DM Group, Inc. is represented by Angelo A. Stio III, Esq. and Melissa Chuderewicz, Esq. of TROUTMAN PEPPER HAMILTON SANDERS, LLP, Suite 400, 301 Carnegie Center, Princeton, NJ 08540.

Dated: March 21, 2024

Respectfully submitted,

s/ Angelo A. Stio III
Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com

*Attorneys for Defendant DM Group Inc.*

## **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that defendant DM Group, Inc. ("DM GROUP"), by and through its undersigned counsel, Troutman Pepper Hamilton Sanders LLP, and pursuant to 28 U.S.C. § 1441, hereby gives notice of the removal of this action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

### I.     BACKGROUND

1. On or about February 13, 2024, plaintiffs Patrick Colligan, Peter Andreyev, and Jane Does 1-2 (collectively, the "Individual Plaintiffs") and Atlas Data Privacy Corporation ("Atlas") (collectively, "the Plaintiffs") filed a complaint ("Complaint") against DM Group in the Superior Court of New Jersey, Law Division, Middlesex County (the "Superior Court"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. DM Group was served with copies of the Summons and Complaint on March 8, 2024. Pursuant to 28 U.S.C. § 1446(a), the (1) Summons, (2) Complaint, (3) Case Information Statement, and (4) Track Assignment Notice, (5) Document Preservation Letter, (6) First Request for the Production of Documents, and (7) First Set of Interrogatories, constitute all pleadings, process, or orders served upon DM Group in this Action. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in with matter are attached to this Notice of Removal as **Exhibit B** and incorporated by reference.

3. In Count I of the Complaint, Plaintiffs assert claims against DM Group for alleged violations of N.J.S.A. 47:1A-1, *et seq.*, and N.J.S.A. 56:8-166.1, based on a claimed failure to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers. *See* Ex. A ¶¶ 51–57.

4. In the Complaint, Plaintiffs are seeking to recover actual damages of not less than $1,000 for each violation, punitive damages, reasonable attorneys' fees, pre- and post- judgment interest and litigation costs. *See* Ex. A at p. 20 (WHEREFORE clause).

5. Plaintiffs also each allege that they are entitled to "injunctive relief" with respect to the "protected information" of each "Individual Plaintiff" and each unnamed "Covered Person." *See id.*

## II. GROUNDS FOR REMOVAL

6. This case is a civil action within the meaning of 28 U.S.C. §1441.

7. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because it is being filed within thirty (30) days of March 8, 2024, which is the date when DM Group was served with the Complaint.

8. The filing of the Notice of Removal in this Court is appropriate because the District of New Jersey is the District where the state court action is pending. *See* 28 U.S.C. §§1446(a) and 1441(a).

9. Removal is proper under 28 U.S.C. §§1332 and 1441(a) because complete diversity of citizenship exists between Plaintiffs and DM Group and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. *Diversity of citizenship is satisfied*.

10. For purposes of determining diversity, a corporation is deemed to be a citizen of (1) any state where it is incorporated, and (2) the state in which it has its principal place of business. *See* 28 U.S.C. §1332(c)(1).

11. Plaintiff Atlas is a Delaware corporation. *See* Ex. A ¶ 19. Upon information and belief Atlas has its principal place of business in New Jersey. *See id.* ¶19 (asserting Atlas has offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302). Therefore, Plaintiff Atlas is a citizen of the States of New Jersey and Delaware for purposes of 28 U.S.C. § 1332(a)(1).

12. All of the other Plaintiffs are citizens of New Jersey. Plaintiff Jane Doe-1 alleges in the Complaint that her real name "has been anonymized for safety reasons" and that she is a "police officer working in Northern New Jersey." *See* Ex. A ¶ 15. As an active law enforcement officer, Plaintiff Jane Doe-1 is required by law to maintain a continuing requirement of residency within the State of New Jersey under N.J.S.A. 40A:14-122.8 and N.J.S.A. 52:14-7. Accordingly, Jane Doe-1 is a citizen of New Jersey for the purpose of 28 U.S.C. §1332(a)(1).

13. Plaintiff Jane Doe-2 alleges in the Complaint that her real name "has been anonymized for safety reasons" and that she is "a veteran correctional police officer who lives in Northern New Jersey." *See* Ex. A ¶ 16. Jane Doe-2 is therefore a citizen of New Jersey for the purpose of 28 U.S.C. §1332(a)(1).

14. Plaintiff Patrick Colligan ("Colligan") alleges that he is a 32-year veteran of the Franklin Township, Somerset County, New Jersey police department. *See* Ex. A ¶17. Plaintiff Colligan is listed, as of March 8, 2024, as a Police Detective on the website for the Franklin Township Police Department. A true and correct copy of a screenshot of the Franklin Township Police Department's publicly available webpage, listing Defendant Colligan's employment status as of February 23, 2024, is attached to the Stio Declaration ("Stio Decl.") as **Exhibit 1**. As an active law enforcement officer, Colligan was required by law to maintain a residence within the

State of New Jersey under N.J.S.A. 40A:14-122.8 and N.J.S.A. 52:14-7. Accordingly, Colligan is a citizen of New Jersey for the purpose of 28 U.S.C. §1332(a)(1).

15. Plaintiff Peter Andreyev ("Andreyev") alleges that he is a thirty-two-year veteran of the Point Pleasant, New Jersey police department. *See* Ex. A ¶18. Plaintiff Andreyev's public facing LinkedIn page confirms he was police officer for the Point Pleasant Beach Police. *See* Stio Decl. **Ex. 2**. As an active law enforcement officer Andreyev was required by law to maintain a residence within the State of New Jersey under N.J.S.A. 40A:14-122.8 and N.J.S.A. 52:14-7. Accordingly, Andreyev is a citizen of New Jersey for the purpose of 28 U.S.C. §1332(a)(1).

16. Defendant DM Group is a Maryland corporation with its principal place of business located at 5511 Ketch Road, Prince Fredrick, Maryland 20678. *See* Stio Decl., ¶ 5. Therefore, DM Group is a citizen of Maryland for purposes of 28 U.S.C. §1332(a)(1).

17. Defendants Richard Roes, 1–10, are identified in the Complaint as "fictitious names of currently unknown individuals/entities." *See* Ex. A ¶ 32. As such, their citizenship may be disregarded for the purposes of removal. 28 U.S.C. §1441(a); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.")

18. Defendants ABC Corporations, 1–10, are identified in the Complaint as "fictitious names of unknown entities." *See* Ex. A ¶32. As such, their citizenship may be disregarded for the purposes of removal. *See Abels*, 770 F.2d at 37.

19. Accordingly, DM Group is the only defendant is this case for purposes of removal. DM Group's state of incorporation and principal place of business are both located in the State of Maryland, None of the Plaintiffs in this case are incorporated, are citizens of, or

maintain a principal place of business in. the State of Maryland.  Accordingly, because DM Group's citizenship is completely diverse from plaintiffs' citizenship, complete diversity of citizenship exists between the parties in this Action.

### B. *The Amount in Controversy is Satisfied.*

20. Where, as here, a plaintiff does not specify an amount in controversy, a defendant can satisfy its burden to establish the amount in controversy by demonstrating that the allegations in the Complaint indicate that it is more likely than not that the amount exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (where plaintiff makes no specific monetary demand, defendant need only "plausibl[y] alleg[e]" amount in controversy); *accord Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (stating that amount in controversy is measured by "a reasonable reading of the value of the rights being litigated").  The language in paragraphs 20, 50, and 57 of the Complaint establishes that the amount in controversy in this Action exceeds $75,000.

21. In paragraph 20 of the Complaint, Plaintiff Atlas alleges that it asserts claims against DM Group on behalf of 19,532 individuals who were "covered persons" ("Covered Persons") under Daniel's Law and assigned their claims to Atlas for alleged violations of Daniel's Law.  *See* Ex. A ¶ 20.

22. In addition to Atlas, four individual Plaintiffs assert claims against DM Group for alleged violations of Daniel's Law, bringing the total number of claims against DM Group to 19,536.  *See* Ex. A ¶ 52.

23. In Paragraph 57, Plaintiffs request "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'"  *See* Ex. A at 20 (WHEREFORE

clause); N.J.S.A. 56:8-166.1(c)(1). Assuming each Covered Person or individual Plaintiff asserts just one violation, the amount in controversy or actual damages alone would exceed $19,536,000.

24. Further, if Atlas is disregarded for purposes of a removal analysis as some of the other defendants in Daniel's Law cases have alleged, the amount in controversy requirement is still satisfied by the claims of the individual Plaintiffs.

25. In addition to actual damages, Plaintiffs also are seeking punitive damages. *See* Ex. A at p. 20 (WHEREFORE clause).

26. For purposes of calculating the amount in controversy, punitive damages must be counted if they are available under New Jersey state law. *Venuto v. Atlantis Motor Grp., LLC,* No. 17-3363, 2017 U.S. Dist. LEXIS 169598, at *8 (D.N.J. Oct. 13, 2017); *see also Huber v. Taylor,* 532 F.3d 237, 244 (3d Cir. 2008) ("[C]laims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."); *Frederico v. Home Depot,* 507 F.3d 188, 199 (3d Cir. 2007) (noting that punitive damages must be considered when calculating the amount in controversy).

26. Under Daniel's Law, a Court may award "punitive damages upon proof of willful or reckless disregard of the law." N.J.S.A. 56:8-166.1c(2). Plaintiffs have asked the Court to award such damages for "willful noncompliance" with Daniel's Law, without limitation. *See* Ex. A at p. 20 (WHEREFORE clause).

27. The New Jersey Punitive Damages Act permits a successful plaintiff to recover up to "five times the liability of th[e] defendant for compensatory damages or $350,000, whichever is greater." N.J.S.A. 2A:15-5.14(b). "Thus, even in the absence of recovering compensatory

damages, a plaintiff is able to recover up to $350,000 in punitive damages, under New Jersey law." *Ward v. Barnes,* 545 F. Supp. 2d 400, 418-19 (D.N.J. 2008).

28. The individual Plaintiffs are seeking in excess of $75,000 based on their claimed punitive damages alone. *See, e.g.*, *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 563 (D.N.J. 2009) (citing N.J.S.A. 2A:15-5.14(b) to note that New Jersey law allows punitive damages up to five times the amount of compensatory damages, and noting as such in affirming satisfaction of amount in controversy).

29. The individual Plaintiffs also are seeking to recover their attorneys' fees. *See* Ex. A at p. 20 (WHEREFORE clause). A claim for recovery of attorney's fees is generally regarded as seeking thirty percent (30%) of the compensatory and/or punitive damages alleged. *See Ciccone v. Progressive Specialty Ins. Co.*, No. 20-981, 2020 WL 7319777, at *4 (M.D. Pa. Dec. 11, 2020) (including attorneys' fees in the amount of 30 percent of the total of plaintiff's compensatory and treble damages to find that plaintiff's individual claims met the amount in controversy); *see also Frederico,* 507 F.3d at 199 (*citing In re Rite Aid Corp. Sec. Litig.,* 396 F.3d 294, 303 (3d Cir. 2005) *(*noting the Federal Judicial Center's median figure of 27 to 30 percent fee recovery in class actions). As outlined above, the Complaint plausibly alleges compensatory damages and punitive damages that already far exceed the $75,000 threshold for each individual plaintiff. But those amounts can also be increased by an additional 30 percent, thus further satisfying the claimed amount in controversy.

30. Although DM Group reserves the right to object to the damages sought by Plaintiffs, and dispute that Plaintiffs are entitled to recover any damages, based on a fair reading of the Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs. Therefore,

the amount in controversy requirement is satisfied for jurisdictional purposes under 28 U.S.C. §1332(a).[1]

### C. *All Other Grounds For Removal Are Satisfied.*

31. In accordance with 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, DM Group will give written notice of this Notice of Removal to Plaintiffs and the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.

---

[1] In the event the claims of the individual Plaintiffs do not each exceed $75,000, the District Court has supplemental jurisdiction over each of the Individual Plaintiff's claims, because their claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. §1367.

### III. CONCLUSION

For the foregoing reasons, this Court has jurisdiction to hear this case. Defendant DM Group, thus, have properly removed the underlying action to this Court.

Dated:  March 21, 2024

<div style="margin-left: 40%;">

Respectfully submitted,

*s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com

*Attorneys for Defendant DM Group, Inc.*

</div>

*Of Counsel:*

Ronald I. Raether, Jr. (*pro hac vice application to be submitted*)
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
5 Park Plaza
Suite 1400
Irvine, CA 92614
(949) 622-2722
Ron.Raether@troutman.com

## D.N.J. LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendant DM Group, Inc. ("DM Group") certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

> *s/ Angelo A. Stio III*
> Angelo A. Stio III
> **TROUTMAN PEPPER**
> **HAMILTON SANDERS LLP**
> Suite 400
> 301 Carnegie Center
> Princeton, NJ 08540-6227
> (609) 951-4125
> Angelo.stio@troutman.com
> *Attorneys for Defendant DM Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2024, the foregoing was filed electronically. The parties may access this filing through the Court's system. A copy was also served via email and U.S. mail on the following:

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

/s/ *Angelo A. Stio III*
Angelo A. Stio III