# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:24-cv-4037 |
| WE INFORM, LLC., et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:24-cv-4041 |
| INFOMATICS, LLC, et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:24-cv-4045 |
| THE PEOPLE SEARCHERS, LLC, et al., | |
| Defendants. | |

ATLAS DATA PRIVACY CORPORATION,
et al.,

               Plaintiffs,

v.

DM GROUP, INC., et al.,

               Defendants.

Civil Action No. 1:24-cv-04075

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

               Plaintiffs,

v.

DELUXE CORPORATION, et al.,

               Defendants.

Civil Action No. 1:24-cv-4080

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

               Plaintiffs,

v.

QUANTARIUM ALLIANCE, LLC, et al.,

               Defendants.

Civil Action No. 1:24-cv-4080

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br>                          Plaintiffs, <br><br> v. <br><br> YARDI SYSTEMS, INC., et al., <br><br>                          Defendants. | Civil Action No. 1:24-cv-4103 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br>                          Plaintiffs, <br><br> v. <br><br> DIGITAL SAFETY PRODUCTS, LLC, et al., <br><br>                          Defendants. | Civil Action No. 1:24-cv-4141 |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br>                          Plaintiffs, <br><br> v. <br><br> CIVIL DATA RESEARCH <br><br>                          Defendants. | Civil Action No. 1:24-cv-04143 |

ATLAS DATA PRIVACY CORPORATION, et al.,

                Plaintiffs,

v.

SCALABLE COMMERCE, LLC, et al.,

                Defendants.

Civil Action No. 1:24-cv-04160

---

ATLAS DATA PRIVACY CORPORATION, et al.,

                Plaintiffs,

v.

LABELS & LISTS, INC.

                Defendants.

Civil Action No. 1:24-cv-4174

---

ATLAS DATA PRIVACY CORPORATION, et al.,

                Plaintiffs,

v.

INNOVIS DATA SOLUTIONS INC., et al.,

                Defendants.

Civil Action No. 1:24-cv-4176

ATLAS DATA PRIVACY CORPORATION,
et al.,

                  Plaintiffs,

v.

ACCURATE APPEND, INC., et al.

                  Defendants.

Civil Action No. 1:24-cv-4178

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

                  Plaintiffs,

v.

ZILLOW, INC., et al.,

                  Defendants.

Civil Action No. 1:24-cv-04256

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

                  Plaintiffs,

v.

EQUIMINE, INC., et al.,

                  Defendants.

Civil Action No. 1:24-cv-04256

ATLAS DATA PRIVACY CORPORATION,
et al.,

            Plaintiffs,

v.

MELISSA DATA CORP., et al.,

            Defendants.

Civil Action No. 1:24-cv-4292

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

            Plaintiffs,

v.

RESTORATION OF AMERICA, et al.,

            Defendants.

Civil Action No. 1:24-cv-4324

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

            Plaintiffs,

v.

i360, LLC, et al.,

            Defendants.

Civil Action No. 1:24-cv-4345

ATLAS DATA PRIVACY CORPORATION,
et al.,

              Plaintiffs,

v.

GOHUNT, LLC, et al.,

              Defendants.

Civil Action No. 1:24-cv-04380

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

              Plaintiffs,

v.

ACCUZIP, INC., et al.,

              Defendants.

Civil Action No. 1:24-cv-4383

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

              Plaintiffs,

v.

SYNAPTIX TECHNOLOGY, LLC, et al.,

              Defendants.

Civil Action No. 1:24-cv-4385

ATLAS DATA PRIVACY CORPORATION, et al.,

                  Plaintiffs,

v.

JOY ROCKWELL ENTERPRISES, INC., et al.,

                  Defendants.

Civil Action No. 1:24-cv-4389

---

ATLAS DATA PRIVACY CORPORATION, et al.,

                  Plaintiffs,

v.

E-MERGES.COM, INC.

                  Defendants.

Civil Action No. 1:24-cv-4434

---

ATLAS DATA PRIVACY CORPORATION, et al.,

                  Plaintiffs,

v.

FORTNOFF FINANCIAL, LLC, et al.,

                  Defendants.

Civil Action No. 1:24-cv-4390

ATLAS DATA PRIVACY CORPORATION, et al.,

               Plaintiffs,

v.

NUWBER, INC., et al.,

               Defendants.

Civil Action No. 1:24-cv-04609

---

ATLAS DATA PRIVACY CORPORATION, et al.,

               Plaintiffs,

v.

ROCKETREACH LLC, et al.,

               Defendants.

Civil Action No. 1:24-cv-4664

---

ATLAS DATA PRIVACY CORPORATION, et al.,

               Plaintiffs,

v.

BELLES CAMP COMMUNICATIONS, INC., et al.,

               Defendants.

Civil Action No. 1:24-cv-04949

ATLAS DATA PRIVACY CORPORATION, et al.,

                  Plaintiffs,

v.

PROPERTYRADAR, INC., et al.,

                  Defendants.

Civil Action No. 1:24-cv-5600

---

ATLAS DATA PRIVACY CORPORATION, et al.,

                  Plaintiffs,

v.

THE ALESCO GROUP, L.L.C.

                  Defendants.

Civil Action No. 1:24-cv-5656

---

ATLAS DATA PRIVACY CORPORATION, et al.,

                  Plaintiffs,

v.

SEARCHBUG, INC.

                  Defendants.

Civil Action No. 1:24-cv-05658

---

ATLAS DATA PRIVACY CORPORATION, et al.,

                  Plaintiffs,

v.

AMERILIST, INC., et al.,

                  Defendants.

Civil Action No. 1:24-cv-05775

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:24-cv-7324 |
| US DATA CORPORATION, et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:24-cv-8075 |
| SMARTY, LLC, et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:24-cv-8451 |
| COMPACT INFORMATION SYSTEMS, LLC, et al., | |
| Defendants. | |

ATLAS DATA PRIVACY CORPORATION,
et al.,

                Plaintiffs,

v.                                                      Civil Action No. 1:24-cv-10600

DARKOWL, LLC, et al.,

                    Defendants.

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

                Plaintiffs,

v.                                                      Civil Action No. 1:24-cv-04269

THOMSON REUTERS CORPORATION, et
al.,

                    Defendants.

---

ATLAS DATA PRIVACY CORPORATION,
et al.,

                Plaintiffs,

v.                                                      Civil Action No. 1:24-cv-04096

DELVEPOINT LLC, et al.

                    Defendants.

ATLAS DATA PRIVACY CORPORATION, et al.,

          Plaintiffs,

   v.

SPY DIALER, INC., et al.,

          Defendants.

Civil Action No. 1:24-cv-11023

---

ATLAS DATA PRIVACY CORPORATION, et al.,

          Plaintiffs,

v.

PEOPLEWHIZ, INC., et al.,

          Defendants.

Civil Action No. 1:25-cv-00237

---

ATLAS DATA PRIVACY CORPORATION, et al.,

          Plaintiffs,

v.

LIGHTHOUSE LIST COMPANY, LLC., et al.,

          Defendants.

Civil Action No. 1:24-cv-11443

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS'**
**CONSOLIDATED MOTON TO DISMISS PURSUANT TO RULE 12(B)(6)**

Dated: June 3, 2025                    **TROUTMAN PEPPER LOCKE LLP**

<u>*/s/ Angelo A. Stio III*</u>
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Petitioners-Defendants*
*RocketReach LLC (1:24-cv-04664), Deluxe*
*Corp. (1:24-cv-04080), PropertyRadar Inc.*
*(1:24-cv-05600), and DM Group Inc. (1:24-*
*cv-04075)*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ...................................................................................................... 4

    A.    The Complaints Do Not Contain Factual Allegations to Show the
Takedown Requests Were Legally Sufficient. ......................................................... 4

    B.    The Complaints Do Not Plausibly Allege that the Covered Persons Sent
the Purported Takedown Notices. ......................................................................... 6

    C.    The Complaints Do Not Allege Defendants Received the Purported
Notices, a Necessary Element of Daniel's Law. ..................................................... 9

    D.    The Complaints Fail to Allege Defendants Possessed and/or Disclosed
Protected Information of Covered Persons. ......................................................... 10

    E.    Plaintiffs Fail to Allege Negligence and/or Culpability. ..................................... 14

    F.    The Complaints Do Not Contain Allegations About The 19,000 Alleged
Assignors, Including Their Status As "Covered Persons." ................................... 16

    G.    Plaintiffs Fail to Plausibly Plead Proximate Causation or Damages. ................. 18

        1.    Plaintiffs Fail to Plausibly Plead the Required Element of
Proximate Cause. .............................................................................................. 18

        2.    Plaintiffs Fail to Plausibly Plead Any of Their Claimed Forms of
Damages. ........................................................................................................... 20

    H.    Plaintiffs' Injunctive Relief Claims Fail. ........................................................... 23

III.   CONCLUSION ................................................................................................ 25

# <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................7, 13, 15, 20, 21

*Borough of Keyport v. Maropakis*,
   332 N.J. Super. 210 (App. Div. 2000) ..................................................5

*Brearey v. Ramsahai*,
   No. 24-CV-01693, 2024 U.S. Dist. LEXIS (E.D. Pa. June 5, 2024) ................15

*Carteret Properties v. Variety Donuts, Inc.*
   49 N.J. 116 (1967) ...............................................................4, 5

*Connelly v. Lane Const. Corp.*,
   809 F.3d 780 (3d Cir. 2016) ...............................................11

*Cox Broadcasting Corp. v. Cohn*,
   420 U.S. 469 (1975).......................................................19

*Crane v. A.B.A.*,
   663 F. Supp. 3d 747 (E.D. Mich. 2023) ............................19

*Desai v. Sorin CRM, Inc.*,
   No. 12-cv-2995, 2013 WL 163298 (D.N.J. Jan. 15, 2013) ...............13

*Eddington v. U.S. Dept's of Defense*,
   35 F.4th 833 (D.C. Cir. 2022).........................................10

*Est. of Kamal by & through Kamal v. Twp. of Irvington*,
   790 F. App'x 395 (3d Cir. 2019) .....................................18

*Fortitude Surgery Ctr. LLC v. Aetna Health Inc.*,
   No. CV-24-02650, 2025 WL 1432906 (D. Ariz. May 19, 2025)......................12

*In re Gerber Probiotic Sales Practices Litig.*,
   No. 12-835 JLL, 2013 WL 4517994 (D.N.J. Aug. 23, 2013) .........................23

*Gillman v. Rakouskas*,
   No 16-4619, 2017 WL 379433 (D.N.J. Jan. 26, 2017) ......................23

*Harris v. Patel*,
No. 2:17-cv-487-KM-MAH, 2018 WL 1128624 (D.N.J. Mar. 1, 2018) .................................................................................... 9

*Huggins v. FedLoan Servicing*,
No. 19-cv-21371, 2020 WL 13645747 (D.N.J. Dec. 2, 2020) .................... 22, 23

*Johnson v. Encompass Ins. Co.*,
No. 17-cv-3527, 2019 WL 2537809 (D.N.J. June 20, 2019) ............................ 22

*Kennell v. Gates*,
215 F. 3d 825 (8th Cir. 2000) ............................................................... 10

*Kinetic Co. v. Medtronic, Inc.*,
No. 08-CV-6062, 2011 WL 1485601 (D. Minn. Apr. 19, 2011) ...................... 13

*Lopez v. Ramirez*,
No. 21-40235, 2022 WL 3230442 (5th Cir. Aug. 10, 2022) ............................ 11

*McCowan v. City of Philadelphia*,
No. 19-cv-3326, 2021 WL 84013 (E.D. Pa. Jan. 11, 2021) ............................ 21

*Mendoza v. Macias*,
No. 2:21CV1156, 2021 WL 5865675 (D.N.M. Dec. 10, 2021) ........................ 11

*Moncrease v. N.J. Transit Rail Operations, Inc.*,
175 F. Supp. 3d 405 (D.N.J. 2016) ...................................................... 18

*MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*,
No. 3:18-cv-2211, 2020 WL 831578 (D.N.J. Feb. 20, 2020) ........................... 16

*Murphy v. Thomas Jefferson Univ. Hosps., Inc.*,
No. 22-cv-4674, 2023 WL 7017734 (E.D. Pa. Oct. 10, 2023) ......................... 20

*Pension Fund-Mid Jersey Trucking Indus.-Loc. 701 v. Omni Funding Grp.*, 731 F. Supp. 161 (D.N.J. 1990) ............................................. 12

*Portage Shoe Mfg., v. Reich*,
53 N.J. Super. 600 (App. Div. 1959) ....................................................... 6

*Roe v. St. John's Univ.*,
91 F.4th 643 (2d Cir. 2024) ................................................................. 7

*Stephenson v. AT&T Servs., Inc.*,
　No. 21-cv-0709, 2021 U.S. Dist. LEXIS 153021(E.D. Pa. Aug. 13,
　2021) ................................................................................................................9

*Wasserman's Inc. v. Twp. of Middletown*,
　137 N.J. 238 (1994) ......................................................................................21

*Westmount Country Club v. Kemeney*,
　82 N.J. Super. 200 (App. Div. 1964) ............................................................21

*Zimmerman v. PepsiCo, Inc.*,
　836 F.2d 173 (3d Cir. 1988) .........................................................................17

## Statutes

*N.J.S.A.* 2A:18-53 ...............................................................................................4

*N.J.S.A.* 2A:18-56 ...............................................................................................5

*N.J.S.A.* 56:8-166.1(a)(2) ...................................................................................8

## Other Authorities

Fed. R. Civ. P. 8(a)...........................................................................1, 3, 17, 18

Fed. R. Civ. P. 11(b)(3).....................................................................................14

## I.    INTRODUCTION

Plaintiffs' Opposition confirms the Complaints are woefully deficient and cannot survive a motion to dismiss. Plaintiffs improperly attempt to shift their initial pleading requirements to save their fatally flawed Complaint. The Court, however, cannot accept legal conclusions in lieu of factual allegations; allow discovery to fill the pleading gaps; and/or permit claims asserted on behalf of 19,000 unidentified assignors to proceed without any plausible allegations about the assignors' identities, how they qualify as covered persons, or if, how, and when their information was stored and then disclosed to third parties in purported violation of Daniel's Law. Fed. R. Civ. P. 8(a) does not allow Plaintiffs to shift their pleading requirements.

Plaintiffs' Opposition fails to rebut the arguments presented in Defendants' Opening Brief, any one of which warrants dismissal. First, Plaintiffs have not alleged facts satisfying the elements of a Daniel's Law claim, including facts showing: (1) that the "covered persons" (and not Atlas) provided the notices; (2) that each Defendant actually received those notices; (3) the date(s) upon which the 10-day compliance period expired; (4) how Defendants failed to comply by the unspecified date(s); (5) that Defendants were negligent; and (6) that the 19,000 purported "assignors" qualify as "covered persons" entitled to make requests.

Plaintiffs respond by pointing to legal conclusions in their Complaints and other failed arguments. Atlas's Daniel's Law Service Terms demonstrate how Atlas

controlled the takedown notice from start to finish and unquestionably provided the notices. And, the "rebuttable presumption" Plaintiffs try to rely upon for the receipt of the email notices only possibly exists if there is evidence of the functionality of an email platform. No allegations in the Complaint, let alone evidence, exist here to claim such a rebuttable presumption.

Plaintiffs further fail to identify any factual allegation supporting the legal conclusion that Daniel's Law was violated. While some Complaints contain a single factual allegation of an instance where a named Plaintiffs' information was disclosed—which demonstrates that Plaintiffs knew how to allege a violation—most Complaints do not contain *any* factual allegations of a violation Daniel's Law, let alone allegations that any of the 19,000 unidentified "assignors" information was actually possessed and then disclosed by each Defendant. Further, there are no factual allegations in the Complaint establishing the "covered person" status for any assignor. Simply put, Plaintiffs' boilerplate, barebones, cut-and-paste Complaints against dozens of Defendants lack basic allegations necessary to state a claim.

Even assuming violations of Daniel's Law were sufficiently alleged (and they are not), the Complaints also fail because they do not allege culpability, causation, or damages. Plaintiffs acknowledge the Complaints do not allege the required negligence culpability standard. Instead, Plaintiffs claim negligence can be inferred from general factual allegations about alleged non-compliance with Daniel's Law.

But Plaintiffs offer no support for the contention that they can avoid pleading an element of their claims, which they cannot.

Plaintiffs also assert proximate causation is satisfied by the legal conclusion that Daniel's Law is a "privacy" statute and thus requires nothing more than a "disclosure" of their information to plead causation. That contention improperly conflates the concepts of a statutory violation and causation of damages. It also fails because no Plaintiff has plausibly pled that any information was "disclosed" or that any disclosed information was even private in the first instance.

As to actual damages, Plaintiffs admit there are no particularized allegations about actual damages in the Complaints apart from generalized, boilerplate statements regarding emotional distress. Plaintiffs argue that the Court can "infer" emotional distress and anxiety based on the acts of violence against other public officials. Rule 8, however, does not permit "inferences" in the absence of plausible facts, and it certainly does not allow such an inference across 19,000 "assignors."

Plaintiffs also do not respond to Defendants' arguments that their claims for "liquidated damages" are not viable. Defendants demonstrated how the Complaints do not allege any facts sufficient to argue that the claimed liquidated damages constitute a reasonable estimate of actual damages, as required by New Jersey law. By failing to respond, that argument is conceded.

Finally, the punitive damages and injunctive relief claims in the Complaints must be dismissed.  There are no allegations of willful misconduct, and Plaintiffs' request for an "obey the law" injunction is improper as a matter of law.

## II.    <u>ARGUMENT</u>

### A.    **The Complaints Do Not Contain Factual Allegations to Show the Takedown Requests Were Legally Sufficient.**

In their Opening Brief, Defendants explained how the template takedown notice upon which Plaintiffs rely is deficient as a matter of law because it contains insufficient information about the requesting individual.  Opening Br. at 22-25.

In response, Plaintiffs contend the template takedown notice that Atlas drafted is legally sufficient because it complies with the Legislature's generally specified form and contents.  Opp. Br. at 13.  According to Plaintiffs, when a statute specifies the type of notice and content, nothing more is needed.  *Id.* at 14 (citing *Carteret Properties v. Variety Donuts, Inc.* 49 N.J. 116 (1967)).  Plaintiffs are wrong.

In *Carteret Properties v. Variety Donuts, Inc.*, 49 N.J. 116, 123 (1967), for instance, the statute at issue was New Jersey's summary disposition statute, *N.J.S.A.* 2A:18-53, which outlined, among other things, the requirements for a landlord to obtain possession of premises from a tenant.  Like Daniel's Law, the summary disposition statute required "the landlord or his agent" to provide to the tenant "written notice of the termination of said tenancy" upon the tenant and "demand that said tenant remove from said premises within 3 days from service of such notice."

*Id.* (quoting *N.J.S.A.* 2A:18-56). The summary disposition statute also required the notice to "'specify the cause of the termination of the tenancy.'" *Id.*

In *Carteret*, the plaintiff-landlord served the written notice of termination on the tenant, stating the cause of the termination of tenancy: "for the reason that you have committed a breach of that covenant in your lease providing that the store premises aforesaid are to be used and occupied only for the retail sale of food and allied products." *Id.* at 124 (internal quotes omitted). Despite the statutory language, the New Jersey Supreme Court deemed that notice inadequate because "[i]t merely states a legal conclusion" and "contains no particularization, no explicit or detailed statement as to the action or conduct of defendant that allegedly constituted such a violation of the use covenant." *Id.* at 125.

Atlas's template takedown notice is ***far*** less detailed than the notice in *Carteret*. Indeed, the template takedown notice Plaintiffs point to simply states a legal conclusion that Andreyev is "a 'Covered Person' as defined" by Daniel's Law. *See* Compl. ¶ 45. It does not explain how the individual qualifies as a covered person (*e.g.*, whether he is a law enforcement officer) and does not provide any information to the recipient that would allow it to know or be able to confirm a requester's status as a covered person (*e.g.*, a badge number)

In addition, a statutory notice must be construed considering the intent and purpose of the statute. *See Borough of Keyport v. Maropakis*, 332 N.J. Super. 210,

222 (App. Div. 2000) (quoting *Portage Shoe Mfg., v. Reich*, 53 N.J. Super. 600, 605 (App. Div. 1959)).  The Legislature did not intend for a Daniel's Law takedown notice to be sent with ***no*** factual information showing that a person is covered. Indeed, that intent is made clear by what the State of New Jersey requires from individuals to exercise Daniel's Law rights.  The New Jersey Office of Information Privacy website, spells out the information that is required to properly submit a takedown request.[1]  It requires an authorized person to provide information—beyond "I am a Covered Person"—including the individual's date of birth, email address, qualifying title/rank, qualifying agency name, the agency type, and the service status as part of the takedown request process.  Stio Supp. Cert., Ex. 1.  Atlas's notice, as evidenced by the State of New Jersey's requirements for a Daniel's Law takedown request, is not legally sufficient to enable the recipient to comply.

### B.    The Complaints Do Not Plausibly Allege that the Covered Persons Sent the Purported Takedown Notices.

Under Daniel's Law, a takedown notice must be "***provided***" by an "authorized person."  Opening Br. at 19; Opp. Br. at 7-8.  As set forth in Defendants' Opening Brief, although the Complaints contain conclusory statements that "each of the Individual Plaintiffs, and all of the assignees sent Defendants written, non-disclosure

---

[1] The process for submitting a takedown request is publicly available on the New Jersey Office of Information Privacy website at https://danielslaw.nj.gov/Default.aspx?ReturnUrl=%2f (last visited May 29, 2025).

requests . . . using AtlasMail," those allegations are not only conclusory, they are inherently implausible given that the 19,000-plus requests at issue were all allegedly sent during a roughly two-week period around the 2023 year-end holidays. *See* Moving Memo at 13-14. It is implausible that thousands of covered persons would decide to send nondisclosure requests all at the same time—particularly during a holiday period when the recipients were least likely to be able to respond. Obviously, *Atlas* was the one who sent the requests to serve its own monetary interests in teeing up this litigation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (evaluating plausibility "requires the reviewing court to draw on its judicial experience and common sense"); *Roe v. St. John's Univ.*, 91 F.4th 643, 654 (2d Cir. 2024) ("[W]e cannot turn a blind eye to 'an obvious alternative explanation' for alleged facts that undermine a plaintiff's theory of liability") (quoting *Twombly*, 550 U.S. at 567).

Plaintiffs' allegations that each covered person provided the notices also are contrary to Atlas' Daniel's Law Service Terms ("Service Terms"), which are incorporated in the Complaints, and which control when those terms contradict the more general statements in the Complaint. Opp. Br. at 19-21. Those Service Terms establish that, *inter alia*: (1) Atlas creates the template for the takedown notices and determines what it says, Stio Decl., Ex. A (ATLAS-ALL_00000004); (2) Atlas identifies the "email addresses" of the parties who will be sent the notices, *id*.;

(3) Atlas "uses its judgment in selecting the appropriate addresses for [users'] takedown notices," *id.*; and (4) Atlas—not the assignors using AtlasMail—decided when the notices are sent, *id*. (ATLAS-ALL_000000005).

The Opposition attempts to avoid the conflicting language in the Service Terms about who provided the notices by claiming Atlas is merely giving access to an email platform (via AtlasMail) that is no different from "Microsoft Outlook" or "Gmail." Opp. Br. at 11. That analogy fails, and it only underscores the merits of Defendants' argument. An individual who sends an email through Gmail or Outlook (1) drafts the content of the email, (2) determines the recipients of the email, (3) determines when to send the email, and (4) hits send to transmit the communication. ***None*** of that is alleged in the Complaint or identified in Atlas's own Service Terms.

Atlas then argues that, despite those operational facts, "nothing in the terms of service entitles Atlas to make the decision to send a nondisclosure request." Opp. Br. at 12. But that argument is a non-*sequitur*.[2] The language of Daniel's Law requires that the <u>*covered person*</u> "provide[]" the notice. *N.J.S.A.* 56:8-166.1(a)(2).

---

[2] Notably, the Service Terms also give Atlas the unilateral right to provide takedown notices "[i]f a third party changes their email address, or in instances of failed delivery or if Atlas identifies a more suitable email address or other method of delivering notice to a party." Stio Decl., Ex. A at ATLAS-ALL_00000005.

The Service Terms establish that *Atlas* provided the notices here.  *See* Stio Decl., Ex. A at ATLAS-ALL_00000005.

### C.    The Complaints Do Not Allege Defendants Received the Purported Notices, a Necessary Element of Daniel's Law.

In their Opposition, Plaintiffs acknowledge that a Defendant's actual "receipt" of a takedown notice is essential for potential liability under Daniel's Law.  Opp. Br. at 8.  Despite that requirement, Plaintiffs fail to identify <u>any</u> factual allegation in the Complaints that Defendants received any takedown notices, let alone 19,000 notices Atlas sent for the "assignors."  *Id.* at 14.

Plaintiffs attempt to overcome the absence of any factual allegations of actual "receipt" by arguing there is a "rebuttable presumption" that an email is received. *Id*. at 15.  But none of the cases Plaintiffs rely upon allowed a rebuttable presumption to satisfy an element of a claim.  *See id.*[3]  Moreover, the "presumption" advanced by Plaintiffs is not in any way settled law.  *See, e.g.*, *Stephenson v. AT&T Servs., Inc.*, No. 21-cv-0709, 2021 U.S. Dist. LEXIS 153021, at *12 (E.D. Pa. Aug. 13, 2021) (noting that the Third Circuit has not addressed the issues of whether the presumption of delivery of physical mail applies to emails).  And, even those courts that have recognized the presumption of receipt of emails have done so only when

---

[3] Plaintiffs cite to *Harris v. Patel*, No. 2:17-cv-487-KM-MAH, 2018 WL 1128624 (D.N.J. Mar. 1, 2018), in their Opposition, but that case does not address the presumption of email receipt.

facts exist showing emails from the email system were successfully sent or other evidence about the functionality of the email system. *See, e.g.*, *Eddington v. U.S. Dept's of Defense*, 35 F.4th 833, 840 (D.C. Cir. 2022) (refusing to apply the rebuttable presumption of receipt without facts supporting functionality of the email application); *Kennell v. Gates*, 215 F. 3d 825, 829 (8th Cir. 2000) (recognizing a rebuttable presumption of receipt if there is evidence of the reliability of the communication system). No such alleged facts concerning the reliability of the Atlas email platform are present here.

The "presumption" of receipt Plaintiffs seek to invoke also is especially inappropriate here given that Atlas collectively swarmed Defendants' email servers with millions of email requests over a period of days during the holiday season.

### D. The Complaints Fail to Allege Defendants Possessed and/or Disclosed Protected Information of Covered Persons.

Defendants' Opening Brief demonstrates Plaintiffs engaged in impermissible group pleading by failing to adequately allege the protected information (if any) each Defendant possessed regarding the individual Plaintiffs or Atlas's 19,000 assignors, and that each Defendant "disclosed" that information in violation of Daniel's Law. Moving Memo at 28-29. Simply put, there are no *facts* supporting any "violation."

In their Opposition, Plaintiffs only point to vague allegations and conclusions tracking the elements of Daniel's Law. Opp. Br. at 16. Plaintiffs then contend—with no legal authority whatsoever—that their allegations are sufficient because

"[t]he full extent of Defendants' violations is something that will be determined based on discovery obtained from Defendants, not the pleadings." *Id.* at 17.  In other words, Atlas sent millions of emails to Defendants in a dragnet fashion and then filed over 140 nearly identical Complaints without making a reasonable inquiry to determine what information was held and then disclosed by each Defendant.  Now, Plaintiffs propose to use discovery as a fishing expedition to ascertain "the full extent of" alleged violations committed by each Defendant.  Opp. Br. at 16.  Black letter law on pleading standards forecloses that stratagem.

To properly plead a claim, a plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).  That pleading standard does not change for claims filed by multiple plaintiffs.  It applies separately ***to each plaintiff's claims.***  *Lopez v. Ramirez*, No. 21-40235, 2022 WL 3230442, at *1 (5th Cir. Aug. 10, 2022) ("When multiple plaintiffs each lodge claims against multiple defendants, the complaint must allege sufficient facts to state plausible claims to relief as to ***each*** plaintiff's claim against ***each*** defendant.") (emphasis added); *Mendoza v. Macias*, No. 2:21CV1156, 2021 WL 5865675, at *1 (D.N.M. Dec. 10, 2021) ("Plaintiffs fail to state with sufficient particularity what each Defendant did to each Plaintiff, when the Defendants committed the alleged actions, or how those actions harmed each Plaintiff.").

Nor does that standard change when an assignee-plaintiff asserts claims of multiple assignors. The purported assignee "steps into the shoes" of the assignors. *Pension Fund-Mid Jersey Trucking Indus.-Loc. 701 v. Omni Funding Grp.*, 731 F. Supp. 161, 170 (D.N.J. 1990). Hence, the assignee must plead sufficient facts to support a reasonable inference that the defendant ***would be liable to each assignor***. *See Fortitude Surgery Ctr. LLC v. Aetna Health Inc.*, No. CV-24-02650, 2025 WL 1432906, at *2 (D. Ariz. May 19, 2025) ("But as an assignee, Fortitude merely stands in the shoes of the assignors and is subject to the same pleading requirements the patients[-assignors] themselves would face.") (cleaned up).

Plaintiffs' Opposition confirms that the Complaints come nowhere close to meeting those standards. According to Plaintiffs, their Complaints allege takedown notices were sent *en masse* as to each Defendant on behalf of about 19,000 covered persons (who then assigned their rights to Atlas) and that unspecified protected information of unspecified covered persons was possessed and "disclosed" by each Defendant after the ten-day deadline. *See* Opp. Br. at 16 (claiming each Defendant "did not cease disclosure . . . of the information"). But Atlas does not even allege in the Complaints how many alleged violations it believes each Defendant committed. All the while, Atlas's own Service Terms concede the obvious; that notices were sent to Defendants who "may not possess some or all of the [protected] information." Moving Mem. at 28 (quoting Terms of Service). Fundamentally, in lumping the

12

claims of 19,000 covered persons together, Plaintiffs allege that each Defendant disclosed unspecified "information" of unidentified covered persons, but they fail to plausibly allege the protected information of any particular covered person was actually possessed or actually "disclosed" in violation of Daniel's Law.[4]  And just because Atlas may have factually alleged a violation as to one assignor in some (but not all) of the Complaints does not mean that it is reasonable to assume that Atlas has met its pleading burden for the other 18,999 assignors.  Because Atlas chose not to proceed by way of a class action, it is required to separately meet its pleading burden as to each assignor.

According to Plaintiffs, while they have plead very little, ***everything else***— such as, which of the 19,000 assignors' claims are being asserted, and what protected information each Defendant possessed and disclosed—"will be determined based on discovery." *Id.* at 17.  Opp. Br. at 16-17.  But Plaintiffs cannot use discovery as an end-run around pleading requirements.  "A plaintiff is permitted to take discovery to find evidence to support a properly pleaded claim for relief; ***a plaintiff is not permitted to take discovery to fish for claims of which it is not aware.***"  *Kinetic Co. v. Medtronic, Inc.*, No. 08-CV-6062, 2011 WL 1485601, at *4 (D. Minn. Apr. 19, 2011) (emphasis added).  The Federal Rules of Civil Procedure do not "unlock the

---

[4] *See, e.g., generally* Complaint, *Atlas Data Privacy Corp., et al. v. DM Group Inc., et al.*, No. 24-cv-004075, Dkt No. 1.

doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Hence, "a plaintiff must successfully plead a claim before obtaining discovery, and not the other way around." *Desai v. Sorin CRM, Inc.,* No. Civ, 12-2995, 2013 WL 163298 (D.N.J. Jan. 15, 2013). The Federal Rules of Civil Procedure also require the Complaints to plead facts supporting the separate claims of each assigning covered person after "an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b)(3). Plaintiffs did not do that.

If Atlas intends to pursue claims based on Defendants' alleged liability to 19,000 assignors, Atlas must undertake the requisite reasonable inquiry and plead factual contentions in compliance with Rules 8 and 11—just like any other plaintiff or assignee is required to do. Accordingly, Plaintiffs' claims should be dismissed.

### E.    Plaintiffs Fail to Allege Negligence and/or Culpability.

This Court previously held Daniel's Law embodies a negligence standard for culpability. Opening Br. at 31-32. Plaintiffs do not dispute that requirement. Instead, they claim that since the Court determined the negligence standard after they filed their Complaints, culpability allegations are not necessary. Opp'n Br. at 17-18. Plaintiffs cite no authority, because there is none, supporting the baseless contention that a Court can excuse the failure to plead an element of a claim, even if that element was explicitly recognized by a court after the Complaints were filed.

14

Plaintiffs then argue the Complaints include factual allegations that "should be read to establish, at a minimum, that Defendants' disclosure of protected information ten business days following their receipt of written nondisclosure request was the result of negligence." Opp'n Br. at 18. Not so.[5] The allegations Plaintiffs rely upon in paragraphs 2, 3, 35, and 45-57 of the Complaints ***do not*** relate to any action or inaction by any of the Defendants. They discuss generally companies in the business of disclosing information (Compl. ¶ 2); the Legislature's intent in enacting Daniel's Law (Compl. ¶ 3 and ¶ 35); and legal conclusions related to approximately 19,000 unidentified individuals that seek to impose strict liability on Defendants (Compl. ¶¶ 45-52). Those bare assertions, untethered to any facts related to any Defendant or the nature of its compliance, are insufficient to allege a negligent violation. *Brearey v. Ramsahai*, No. 24-CV-01693, 2024 U.S. Dist. LEXIS, at *4 (E.D. Pa. June 5, 2024) ("A naked legal assertion" of "negligence" is "exactly the kind of legal conclusion couched as a factual allegation that the Supreme Court warned against in *Iqbal*."). Plaintiffs' Complaints must be dismissed.

---

[5] Plaintiffs strenuously argued against the imposition of a negligence standard, which belies their current argument that the Complaints sufficiently plead negligence.

**F.    The Complaints Do Not Contain Allegations About The 19,000 Alleged Assignors, Including Their Status As "Covered Persons."**

In their Opening Brief, Defendants demonstrated how the Complaints are devoid of *any* factual allegations concerning the approximately 19,000 unidentified "assignors" who purportedly assigned their claims to Atlas.  Opening Br. at 17.  The Complaints do not allege any facts to plausibly show: (1) *who* each assignor is; (2) *how* each assignor qualifies as a "covered person"; (3) *what* information each unidentified assignor requested not to have disclosed; or (4) *when* each request for nondisclosure was made.

In fact, the only allegation about the identities of the assignors in the Complaints is a speculative statement that a "significant number" of those 19,000 alleged "assignors" "are family members of judges, law enforcement officers, and prosecutors."  Compl. ¶ 20.  Even overlooking the speculative and generalized nature of that factual allegation, that statement is insufficient to allege a violation of Daniel's Law, as not all family members of judges, law enforcement officers, and prosecutors, qualify as "covered persons."   Opening Br. at 18 (citing statutory definitions).

Plaintiffs make three arguments to try and save their claim from dismissal.  First, relying on *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, No. 3:18-cv-2211, 2020 WL 831578 (D.N.J. Feb. 20, 2020), Plaintiffs claim all they need to allege is that "Atlas was assigned the rights for the Covered Persons."  Opp.

Br. at 9. That argument fails because the issue here is whether Atlas has stated a claim as to the 19,000 unidentified assignors as "covered persons," not whether Atlas has standing to sue, which was the issue in *MSP Recovery*. *MSP Recovery*, 2020 WL 831578 at *6-7 (acknowledging the motion was based on standing and stating that "this Court has found Plaintiffs' claims meet the minimum pleading standards").

Second, Plaintiffs contend that certain state courts have rejected the argument that Atlas's claims are deficient because the Complaints have not sufficiently alleged the status of the "covered persons" (Opp. Br. at 10). Not true. The unpublished state court cases relied upon by Plaintiffs—which were not assessed under Rule 8(a)—were critical of Plaintiffs' failure to adequately plead violation of on behalf of the unidentified assignors. In those cases, the courts allowed Atlas's claims to proceed, but only by requiring Atlas to produce lists identifying all the assignors, the factual basis for covered person status, whether the assignments were written, and the timing of the assignments. Parikh Cert., Ex. A, T76:1 to 17; Ex. B T42:20 to 43:2. In federal court, however, that pleading accommodation is not available because a party cannot amend a complaint by way of an ancillary document. *See, e.g.*, *Ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[T]he complaint may not be amended by the briefs in opposition to a motion to dismiss").

Third, Plaintiffs allege that Defendants' argument is "illusory given that all Defendants here already have a list of Covered Persons." Opp. Br. at 10. The lists

provided to Defendants, however, do not contain any information about the "covered person's" status under Daniel's Law.  Stio Supp. Decl., ¶¶5-6.  Accordingly, even if providing a spreadsheet was an acceptable way to amend the Complaint—which it is not—the spreadsheets still do not give rise to a plausible claim.

### G.   Plaintiffs Fail to Plausibly Plead Proximate Causation or Damages.

Plaintiffs' group-pled and conclusory allegations of causation and multiple forms of damages also do not meet the pleading standards of Rule 8(a).

#### 1.   Plaintiffs Fail to Plausibly Plead the Required Element of Proximate Cause.

Plaintiffs do not dispute that Daniel's Law was enacted against the backdrop of the New Jersey common law and thus imports a proximate causation requirement. Plaintiffs also do not dispute the Complaints fail to allege how any specific Defendant caused any Individual Plaintiff or "assignor" injury; a failing that remains fatal.  *See, e.g.*, *Est. of Kamal by & through Kamal v. Twp. of Irvington*, 790 F. App'x 395 (3d Cir. 2019) (agreeing with the trial court that plaintiff's allegation that defendant's actions or inactions were the "direct and proximate cause" of the injury is "merely restat[ing] the legal elements" which are "'not entitled to the assumption of truth' and are insufficient to take its claim from 'the conceivable to plausible'").

Undeterred, Plaintiffs argue proximate cause is plausibly established *en masse* based solely on the alleged fact that "the recipient of the takedown notice failed to cease its disclosure . . . of the covered person's [information within ten business

days."  Opp. Br. at 20.  That argument impermissibly conflates a statutory violation with causation.  *See, e.g.*, *Moncrease v. N.J. Transit Rail Operations, Inc.*, 175 F. Supp. 3d 405, 408-09 (D.N.J. 2016) (a plaintiff claiming a statutory violation "must, however, still establish causation in order to prevail").

Plaintiffs then pivot to the contention that, because Daniel's Law is a "privacy statute," proximate cause can be established based on nothing more than "the harm of [the alleged] disclosure itself."  Opp. Br. at 20.  As detailed above, Plaintiffs have not alleged that any one Defendant actually "disclosed" anything about any specific Individual Plaintiff or any "assignor."  Regardless, to the extent Plaintiffs plausibly invoke a violation of their "privacy" as the basis for their claim of proximate cause, they must at least allege that the "disclosed" information was private, *i.e.*, not already public or freely disseminated by the individual in the first instance. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 494–95 (1975) ("[I]nterests in privacy fade when the information involved already appears on the public record.").

Plaintiffs attempt to excuse that obvious pleading omission by claiming those issues go to the "ultimate burden of proof—not the sufficiency of the pleadings." Opp. Br. at 21.  But causation is an ***element*** of Plaintiffs' claims, and it must be sufficiently pled to survive a motion to dismiss.  It has not been sufficiently plead here. *Crane v. A.B.A.*, 663 F. Supp. 3d 747, 752 (E.D. Mich. 2023) (granting motion to dismiss based on preexisting public availability of the data at issue: "Privacy torts

recognized at common law are limited by this principle—*i.e.*, that privacy interests wane and may be extinguished depending on the degree to which the information at issue is public.") (collecting cases).

> **2.    Plaintiffs Fail to Plausibly Plead Any of Their Claimed Forms of Damages.**

Even if proximate cause was plausibly pled (which it is not), the Individual Plaintiffs and the 19,000 "assignors" fail to sufficiently allege any of the three forms of damages that they demand in boilerplate fashion in all their Complaints.

> **a.    Plaintiffs Fail to Plausibly Plead "Actual Damages" for any Covered Person.**

With respect to "actual damages," Plaintiffs do not contest the obvious fact that the Complaints do not contain a ***single*** factual allegation identifying any actual damage sustained by any one individual or due to the actions of any specific Defendant.  The most Plaintiffs can muster in their Opposition is the anemic argument that the Court can "reasonably infer" plausible claims of "emotional distress and anxiety suffered by Covered Persons as a result of their information being disclosed by Defendants" because there have been other publicized acts of violence against third-party "covered persons" in New Jersey and elsewhere.  *See* Opp. Br. at 21.  But *Twombly* and *Iqbal* do not permit such "inferences" of damages unsupported by ***any*** particularized factual allegations.  That limitation holds true in cases involving a single plaintiff, and it certainly applies with even greater force to

a case like this one that abstractly seeks "actual damages" for tens of thousands of unnamed individuals.  *See, e.g.*, *Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, No. 22-cv-4674, 2023 WL 7017734, at *5 (E.D. Pa. Oct. 10, 2023) (granting motion to dismiss: "Plaintiffs fail to describe how they sustained these alleged [emotional] 'damages' or otherwise substantiate their existence."); *see also Iqbal*, 556 U.S. at 680 (rejecting as implausible a claim of individual race discrimination based on the alleged fact of detention of "thousands" of ethnically-similar individuals).

### b.    Plaintiffs Fail to Plausibly Plead an Entitlement to "Liquidated Damages."

Plaintiffs also have not plausibly established—and have in fact abandoned—their claim for "liquidated damages."

As stated in Defendants' Opening Bief, New Jersey law requires "liquidated damages" to constitute "a reasonable forecast of the provable injury resulting from breach" to avoid being an unenforceable "penalty."  *Wasserman's Inc. v. Twp. of Middletown*, 137 N.J. 238, 249 (1994); *Westmount Country Club v. Kemeney*, 82 N.J. Super. 200, 206-07 (App. Div. 1964) (lack of evidence that liquidated damages were a reasonable estimate of actual damages rendered liquidated damages provision unenforceable).  Hence, absent particularized allegations of "actual damages" that could be used to plausibly assess whether the "liquidated damages" claimed by any one covered person would constitute an impermissible penalty, there can be no viable claim for liquidated damages.

Plaintiffs failed to respond to that argument in their opposition, thereby conceding the issue. *McCowan v. City of Philadelphia*, No. 19-cv-3326, 2021 WL 84013, at *14 (E.D. Pa. Jan. 11, 2021) ("In the alternative, we find that dismissal is warranted because McCowan failed to respond to the City Defendants' argument.").

### c.    Plaintiffs Fail to Plausibly Plead any Factual Support for "Punitive Damages."

Finally, while Plaintiffs demand "punitive damages" against all Defendants, the Complaints contain no plausible factual allegations supporting that demand.

Read exceedingly charitably, the Complaints allege at most a simple violation of Daniel's Law relating to emailed takedown requests that were sent by Atlas in late December 2023 and early January 2024, and which (to the extent even received) thus needed to be processed by mid-January 2024. Compl. ¶ 48. Unable to point to anything further, Plaintiffs argue the Complaints "allege that Defendants remained noncompliant for months . . . after the ten-business-day compliance period," purportedly allowing the Court to infer a willful/reckless violation. Opp. Br. at 22. But citing to the period of purported non-compliance does not support punitive damages. It may demonstrate (at best) a possible statutory violation, which falls far short of the level of egregious behavior that punitive damages are reserved to address.[6] *See, e.g., Johnson v. Encompass Ins. Co.*, No. 17-cv-3527, 2019 WL

---

[6] Plaintiffs' own cited cases undermine their punitive damages argument. For instance, in *Huggins v. FedLoan Servicing*, No. 19-cv-21371, 2020 WL 13645747

22

2537809, at *2 (D.N.J. June 20, 2019) (dismissing claim for punitive damages on the basis that, "[a]s pled, Defendant's behavior does not rise to the level of egregiousness required for an award of punitive damages"); *Gillman v. Rakouskas*, No 16-4619, 2017 WL 379433, at *3, n.5 (D.N.J. Jan. 26, 2017) (dismissing claim for punitive damages because the complaint "is completely devoid of any facts that would allow the Court to reasonably infer that Defendants acted in a manner that could be classified as 'actual malice' or a 'wanton or reckless disregard' for others").

### H.    Plaintiffs' Injunctive Relief Claims Fail.

Finally, Defendants previously demonstrated how Plaintiffs' boilerplate claims for "injunctive relief" should be dismissed because: (1) they fail to plausibly allege a likelihood of future harm; and (2) they constitute impermissible, "obey the law" injunctions.  Opening Br. at 40-41.

On the first issue, Plaintiffs point to vague allegations in their Complaints that Defendants "have not complied" with Daniel's Law.  Opp. Br. at 23.  But Plaintiffs fail to point to any factual allegations plausibly establishing that any Defendants "inten[d] to engage in the challenged conduct *in the future*," which is necessary to

_____

(D.N.J. Dec. 2, 2020), the court allowed a claim for punitive damages to proceed based on specific factual allegations that the defendant's own reporting was internally "nonsensical and wrong" and was not corrected even after being specifically disputed as such by the plaintiff.  *Id.* at *20.  There are no such factual allegations here.

secure injunctive relief. *In re Gerber Probiotic Sales Practices Litig.*, No. 12-835 JLL, 2013 WL 4517994, at *10 (D.N.J. Aug. 23, 2013) (emphasis added).

On the second issue, Plaintiffs ignore that the actual injunctive relief they seek in the Complaints is nothing more than an improper "obey the law" injunction.[7] Instead, Plaintiffs argue they "intend to seek targeted injunctions that will have the effect of stopping the ongoing disclosure of these covered persons' protected information," and that Defendants will at some point have "fair notice" of the type of injunction they are seeking. Opp. Br. at 23-24. But the time for detailing the injunctive relief Plaintiffs seek is ***in the Complaints*** so that Defendants can evaluate the requested injunction, determine whether it—unlike the injunctions Plaintiffs currently seek—complies with the law, and seek discovery related to that requested injunction. *See Damiano*, 2015 WL 5785827, at *16 (holding that plaintiff "cannot amend her pleading in her brief in opposition."). Plaintiffs should not be permitted

---

[7] The WHEREFORE clause in the Complaints seek an order: (1) "that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individual Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available"; (2) of "injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed"; and (3) allowing "[e]ntering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law [sic], including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law." *See* Compl., WHEREFORE Clause, ¶¶ A, E, F.

to plead a plainly overbroad and improper injunction and then later tailor the injunction, thereby depriving Defendants of the opportunity to evaluate and conduct discovery regarding the specific injunction Plaintiffs seek.

Because the Complaints seek an order that Defendants "comply with Daniel's Law," the requested relief is improper and should be stricken from the Complaints. *See, e.g.*, *Powell Duffryn Terminals, Inc.*, 913 F.2d at 83.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, and the reasons in the Opening Brief, the Complaints should be dismissed with prejudice, and the Court should also award Defendants such other and further relief as may be appropriate, including their costs.

Respectfully submitted,

Dated: June 3, 2025                **TROUTMAN PEPPER LOCKE LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant DM Group Inc.*
*(1:24-cv-04075)*

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant Property Radar Inc.*
*(1:24-cv-05600)*

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

-and-

Tambry L. Bradford (admitted *pro hac vice*)
Two California Plaza
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
(213)928-9800
Tambry.Bradford@troutman.com

*Attorneys for Defendant RocketReach LLC*
*(1:24-cv-04664)*

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Angelo A. Stio III*
Angelo A. Stio III
Melissa A. Chuderewicz
Stephanie L. Jonaitis
Suite 400
301 Carnegie Center
Princeton, NJ 08540-6227
(609) 951-4125
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

-and-

Timothy J. St. George (admitted *pro hac vice*)
Troutman Pepper Locke Building
1001 Haxall Point
15th Floor
Richmond, VA 23219
(804) 697-1200
Timothy.St.George@troutman.com

*Attorneys for Defendants Deluxe Corp.*
*(1:24-cv-04080)*

**BALLARD SPAHR LLP**

<u>*s/ Marcel S. Pratt*</u>
Marcel S. Pratt
Michael Berry
Jordan Meyer
1735 Market Street, Fl. 51
Philadelphia, PA  19103-7599
(215) 864-8500
prattm@ballardspahr.com
berrym@ballardspahr.com
meyerjl@ballardspahr.com

*Attorneys for Defendants*
*Thomson Reuters Enterprise Centre GmbH*
*and West Publishing Corporation*
*(1:24-cv-04269)*
**SEYFARTH SHAW LLP**

<u>*s/ Robert T. Szyba*</u>
Robert T. Szyba
Max A. Scharf
620 Eighth Avenue, 32nd Floor
New York, NY  10018
(212) 218-5500
rszyba@seyfarth.com
mschart@seyfarth.com

*Attorneys for Defendants*
*We Inform, LLC (1:24-cv-04037), Infomatics,*
*LLC (1:24-cv-04041), and The People*
*Searchers, LLC (1:24-cv-04045)*

29

**GORDON REES SCULLY
MANSUKHANI LLP**

*s/ Clair E. Wischusen*
Clair E. Wischusen
291 W. Mt. Pleasant Avenue
Suite 3310
Livingston, NJ  070369
(973) 549-2500
cwischusen@grsm.com

*Attorneys for Defendants
Quantarium Alliance, LLC and Quantarium
Group, LLC (1:24-cv-04098)*

**THOMPSON HINE LLP**

s/ J. Timothy McDonald
J. Timothy McDonald
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326
(404) 541-2906
Tim.McDonald@ThompsonHine.com

-and-

Steven G. Stransky
127 Public Square, #3900
Cleveland, OH 44114
(216) 566-5500
Steve.Stransky@ThompsonHine.com

*Attorneys for Defendant-Appellant
Fortnoff Financial, LLC (1:24-cv-04390)*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Anthony J. Staltari*
Anthony J. Staltari
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
anthonystaltari@quinnemanuel.com

-and-

Viola Trebicka (admitted *pro hac vice*)
John Wall Baumann (admitted *pro hac vice*)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
violatrebicka@quinnemanuel.com
jackbaumann@quinnemanuel.com

-and-

Ella Hallwass (admitted *pro hac vice*)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
ellahallwass@quinnemanuel.com

-and-

Xi ("Tracy") Gao (admitted *pro hac vice* )
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
tracygao@quinnemanuel.com

*Attorneys for Defendant*
*Yardi Systems, Inc. (1:24-cv-04103)*

31

**LOMURRO, MUNSON, LLC**

*s/ Eric H. Lubin*
Eric H. Lubin
Monmouth Executive Center
4 Paragon Way, Suite 100
Freehold, NJ  07728
(732) 414-0300
ELubin@lomurrolaw.com

*Attorneys for Defendants
Digital Safety Products, LLC (1:24-cv-
04141), Civil Data Research (3:24-cv-
04143), and Scalable Commerce & National
Data Analytics (2:24-cv-04160)*

**STOEL RIVES LLP**

*s/ Misha Isaak*
Misha Isaak
James Kilcup
Alexandria Giza
760 SW Ninth Ave., Suite 3000
Portland, OR  97205
(503) 294-9460
misha.isaak@stoel.com
james.kilcup@stoel.com
alexandra.giza@stoel.com

-and –

**COOPER, LLC–COUNSELORS AT
LAW**
Ryan J. Cooper
108 N. Union Ave., Suite 4
Cranford, NJ  07016
ryan@cooperllc.com

*Attorneys for Defendant
Labels & Lists, Inc. (1:24-cv-04174)*

**PIERSON FERDINAND LLP**

*s/ Jill A. Guldin*
Jill A. Guldin
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
(856) 896-409
jill.guldin@pierferd.com

-and –

**FISHERBROYLES LLP**

Jason A. Spak (admitted *pro hac vice*)
6360 Broad Street #5262
Pittsburgh, PA  15206
(412) 401-2000
jason.spak@fisherbroyles.com

*Attorneys for Defendant*
*Innovis (1:24-cv-24-04176)*

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*s/ John E. MacDonald*
John E. MacDonald
3120 Princeton Pike, Suite 301
Lawrenceville, NJ  08648
(609) 454-0096
jmacdonald@constangy.com

*Attorneys for Defendants*
*Accurate Append, Inc. (1:24-cv-04178), and*
*Restoration of America, Inc. (1:24-cv-04324)*

33

**BUCHANAN INGERSOLL & ROONEY PC**

<u>s/ Krista A. Rose</u>
Krista A. Rose
Samantha L. Southall (admitted *pro hac vice*)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
(215) 665-3800
krista.rose@bipc.com
samantha.southall@bipc.com

*Attorneys for Defendants Zillow Inc. and Zillow Group, Inc.*
*(1:24-cv-04256)*

**GIBBONS P.C.**

<u>s/ Frederick W. Alworth</u>
Frederick W. Alworth
Kevin R. Reich
One Gateway Center
Newark, NJ  07102-5310
(973) 596-4500
falworth@gibbonslaw.com
kreich@gibbonslaw.com

*Attorneys for Defendant Equimine, Inc. (1:24-cv-04261)*

**RIKER DANZIG LLP**

*s/ Michael P. O'Mullan*
Michael P. O'Mullan
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ  07962
(973) 451-8477
momullan@riker.com

*Attorneys for Defendant*
*Melissa Data Corporation (1:24-cv-04292)*

**STINSON LLP**

*s/ Richard J.L. Lomuscio*
Richard J.L. Lomuscio (ID: 038461999)
100 Wall Street, Suite 201
New York, New York 10005
(646) 883-7471
richard.lomuscio@stinson.com

Matthew D. Moderson (admitted *pro hac vice*)
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
(816) 691-2736
matt.moderson@stinson.com

*Attorneys for Defendant*
*i360, LLC (1:24-cv-04345)*

**GREENBERG TRAURIG, LLP**

_s/ David E. Sellinger_
David E. Sellinger
Aaron Van Nostrand
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
(973) 443-3557
sellingerd@gtlaw.com
Aaron.VanNosrand@gtlaw.com

_Attorneys for Defendants GoHunt, LLC,
GoHunt Management Holdings, LLC and
GoHunt Management Holdings II, LLC
(1:24-cv-04380)_

**GREENSPOON MARDER[8]**

_s/ Kelly M. Purcaro_
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

-and-
**LOWENSTEIN SANDLER LLP**

---

[8] Today, June 3, 2025, a matter styled _Atlas Data Privacy Corporation, et al. v. REDX LLC, et al._, Case No. 2:25-cv-06863, was removed from the Superior Court of New Jersey, Law Division, Union County to the United States District Court for the District of New Jersey.  The defendant in such matter, REDX LLC ("REDX") is represented by Kelly M. Purcaro and Kory Ann Ferro of Greenspoon Marder LLP who represent several other signatories to this reply brief.  Upon assignment of this newly removed matter to the Honorable Harvey Bartle III, REDX will seek to join in the consolidated Motion to Dismiss, including joinder to this reply briefing.

_s/ Jennifer Fiorica Delgado_
Jennifer Fiorica Delgado
One Lowenstein Drive
Roseland, NJ  07068
(646) 414-6962
jdelgado@lowenstein.com

_Attorneys for Defendant Accuzip, Inc._
_(1:24-cv-04383)_

**LEWIS BRISBOIS BISGAARD &
SMITH, LLP**

_s/ Thomas C. Regan_
Thomas C. Regan
Matthew S. AhKao
One Riverfront Plaza, Suite 800
Newark, NJ  07102
(973) 577-6260
Thomas.Regan@lewisbrisbois.com
Matthew.AhKao@lewisbrisbois.com


_Attorneys for Defendant_
_Synaptix Technology, LLC (1:24-cv-04385)_

37

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendant*
*Joy Rockwell Enterprises, Inc. d/b/a*
*PostcardMania PCM LLC ( 1:24-cv-04389)*
**RKW, LLC**

*s/ H. Mark Stichel*
H. Mark Stichel
10075 Red Run Blvd., 4th Floor
Owings Mills, MD  21117
(443) 379-8987
HMStichel@RKWlawgroup.com

*Attorneys for Defendant*
*E-Merges.com, Inc. (1:24-cv-04434)*

**GORDON REES SCULLY
MANSUKHANI LLP**

*s/ Clair E. Wischusen*
Clair E. Wischusen
291 W. Mt. Pleasant Avenue, Suite 3310
Livingston, NJ 07039
(973) 549-2500
cwischusen@grsm.com

*Attorneys for Defendant Nuwber, Inc.*
*(1:24-cv-04609)*
**BLANK ROME LLP**

_s/ Stephen M. Orlofsky_
Stephen M. Orlofsky
Philip N. Yannella
Thomas P. Cialino
300 Carnegie Center, Suite 220
Princeton, NJ 08540
(609) 750-2646
Stephen.Orlofsky@BlankRome.com
Philip.Yannella@BlankRome.com
Thomas.Cialino@BlankRome.com

_Attorneys for Defendant Belles Camp_
_Communications, Inc. (1:24-cv-04949)_

**GREENSPOON MARDER**

_s/ Kelly M. Purcaro_
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

_Attorneys for Defendant_
_The Alesco Group, L.L.C. (1:24-cv-05656)_

39

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendant*
*Searchbug, Inc. (1:24-cv-05658)*

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendant*
*Amerilist, Inc. (1:24-cv-05775)*

**GREENSPOON MARDER**

<u>*s/ Kelly M. Purcaro*</u>
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendant*
*US Data Corporation (1:24-cv-07324)*

**MANATT, PHELPS & PHILLIPS, LLP**

<u>*s/ Kenneth D. Friedman*</u>
Kenneth D. Friedman
7 Times Square
New York, NY  10036
(212) 790-4500
kfriedman@manatt.com

-and -

Kareem A. Salem (admitted *pro hac vice*)
Brandon Reilly (admitted *pro hac vice*)
662 Encinitas Blvd., Suite 216
Encinitas, CA  92024
(619) 205-8520
ksalem@manatt.com
breilly@manatt.com

*Attorneys for Defendant*
*Smarty, LLC (1:24-cv-08075)*

**WOOD, SMITH, HENNING & BERMAN LLP**

_s/ Jared K. Levy_
Jared K. Levy
Jacqueline Murphy
Christopher J. Seusing
Sean V. Patel
400 Connell Drive, Suite 1100
Berkeley Heights, NJ  07922
(973) 265-9901
jlevy@wshblaw.com
jmurphy@wshblaw.com
cseusing@wshblaw.com
spatel@wshblaw.com

_Attorneys for Defendants_
_Compact Information Systems, LLC,_
_Accudata Integrated Marketing, Inc.,_
_Alumnifinder, ASL Marketing, Inc., College_
_Bound Selection Services, Deepsync Labs,_
_Homedata, and Student Research Group_
_(1:24-cv-08451)_

**GREENSPOON MARDER**

*s/ Kelly M. Purcaro*
Kelly M. Purcaro
Kory Ann Ferro
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, NJ  07102
(732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

-and

**RAJ FERBER PLLC**

Kiran Raj (admitted *pro hac vice*)
Ryan Scott Ferber (admitted *pro hac vice*)
1629 K Street NW, Suite 300
Washington, DC  20006
(202) 827-9785
kiran@rajferber.com
scott@raiferber.com

*Attorneys for Defendant*
*Darkowl, LLC (1:24-cv-10600)*

**WADE CLARK MULCAHY LLP**

/s/  Robert J. Cosgrove
Robert J. Cosgrove, Esq.
955 South Springfield Avenue, Suite 100
Springfield, NJ 07081
(267) 665-0743
WCM No.: 827.16116
RCosgrove@wcmlaw.com

*Attorneys for Defendant Delvepoint, LLC*
*(1:24-cv-04096)*

43

**KAUFMAN DOLOWICH LLP**

/s/ Christopher Nucifora
Christopher Nucifora, Esq.
Timothy M. Ortolani, Esq.
Court Plaza North
25 Main Street, Suite 500
Hackensack, New Jersey 07601
(201) 708-8207
cnucifora@kaufmandolowich.com
tortolani@kaufmandolowich.com

*Attorneys for Defendant Spy Dialer, Inc.
(1:24-cv-11023)*

**KNUCKLES & MANFRO, LLP**

/s/ John E. Brigandi
John E. Brigandi
600 E. Crescent Avenue
Suite 201
Upper Saddle River, NJ 07677
(201) 391-0370
jeb@km-llp.com

*Attorneys for Defendant PeopleWhiz, Inc.
(1:25-cv-00237)*

**STARR, GERN, DAVISON & RUBIN,
P.C.**

/s/ Ronald L. Davison
Ronald L. Davison, Esq. (266481971)
Starr, Gern, Davison & Rubin, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
973.403.9200
rdavison@starrgern.com

-and-

44

**ZWILLGEN PLLC**

Jacob Sommer, Esq. (admitted *pro hac vice*)
1900 M. Street NW, Suite 250
Washington, DC 20036
202.706.5205
jake@zwillgen.com

Sudhir V. Rao, Esq. (admitted *pro hac vice*)
183 Madison Avenue, Suite 1504
New York, NY 10016
Tel: 646.362.5590
Sudhir.Rao@zwillgen.com

*Attorneys for Defendant Lighthouse List*
*Company, LLC*
*(1:24-cv-11443)*