Angelo A. Stio III
Melissa Anne Chuderewicz
Stephanie L. Jonaitis
**TROUTMAN PEPPER LOCKE LLP**
104 Carnegie Center Drive, Suite 203
Princeton, New Jersey 08540
(609) 452-0808
Angelo.Stio@troutman.com
Melissa.Chuderewicz@troutman.com
Stephanie.Jonaitis@troutman.com

*Attorneys for Defendant DM Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DM GROUP, INC., et al., <br><br> Defendants. | (Electronically Filed) <br><br> 1:24-cv-04075-HB <br><br> Hon. Harvey Bartle III |

### DEFENDANT DM GROUP, INC.'S
### ANSWER TO PLAINTIFFS' COMPLAINT

Defendant DM Group, Inc. ("DM Group" or "Defendant"), by and through its undersigned counsel, files this answer and affirmative defenses in response to the Complaint filed by Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Patrick Colligan and Peter Andreyev ("Plaintiffs") in support thereof, hereby states as follows:

1. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the first sentence of this paragraph, and therefore the allegations are denied. As to the second sentence in this paragraph, Defendant admits only that legislation titled Daniel's Law was passed by the New Jersey Legislature. The remaining allegations refer to a statute

which is a writing, the contents of which speak for itself, and therefore Defendant denies any allegations that misconstrue, misinterpret, or mischaracterize that statute.

2. The allegations in this paragraph are denied.

3. Defendant admits only that legislation titled Daniel's Law was passed by the New Jersey Legislature and signed by the Governor of New Jersey. Defendant specifically denies it violated Daniel's Law. The remaining allegations in this paragraph consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the first sentence of this paragraph, and therefore the allegations are denied. As to the second sentence of this paragraph, Defendant admits that Plaintiffs seek damages and injunctive relief in their Complaint and that Atlas purports to bring this action as an assignee for certain individuals. All remaining allegations in this paragraph are denied.

## BACKGROUND

**Passage of Daniel's Law in New Jersey**

5. Defendant admits the allegations in the first and fourth sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the remaining sentences in this paragraph, and therefore the allegations are denied.

6. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in this paragraph, and therefore the allegations are denied.

7. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in this paragraph, and therefore the allegations are denied.

-3-

**New Jersey Passes Daniel's Law in 2020**

8. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that under Daniel's Law a covered person is required to send a written request for non-disclosure. The remaining allegations are denied to the extent they are inconsistent with Daniel's Law.

9. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied to the extent they misconstrue, misinterpret or mischaracterize Daniel's Law.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10. Defendant admits the allegations in the first sentence of this paragraph. The allegations in the second sentence of this Paragraph refer to a writing, the contents of which speak for itself, and Defendant denies any allegations that misconstrue, misinterpret, or mischaracterize the article referred to in the allegations.

11. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied to the extent they misconstrue, misinterpret or mischaracterize the federal rule referenced in this paragraph.

12. Admitted.

**Violence Against Police Officers and Judges Has Not Stopped**

13. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in this paragraph, and therefore the allegations are denied.

14. Defendant admits that Judges Wilkinson and Roemer were murdered. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, the allegations are denied.

-4-

## THE PARTIES

### The Individual Plaintiffs

15.	Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

16.	Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

17.	Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

18.	Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

### Plaintiff Atlas and its Assignors

19.	Upon information and belief, admitted.

20.	Defendant admits only that Atlas seeks to assert claims in this action against Defendant as assignee of approximately 19,532 individuals who are not identified in the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, including whether the purported assignors are "Covered Persons" as defined by Daniel's Law and therefore those allegations are denied. Defendant further denies that the purported assignments were proper or valid, that Plaintiffs' claims are permitted by Daniels' Law, and that Defendant is liable to Plaintiffs.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.  Defendant denies that each of the Covered Persons have valid claims against Defendant.

22.	The allegations in this paragraph are denied.

23.	The allegations in this paragraph are denied.

-4-

-5-

24. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, including whether the purported assignors are "Covered Persons" as defined by Daniel's Law. Defendant further denies that the purported assignments were proper or valid.

25. Defendant admits that Atlas has relationships with various unions and associations and purports to provide services including an online platform. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, the allegations are denied.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

**The Defendants**

31. The allegations in this paragraph are denied.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

33. Defendant admits that DM Group owns the domain name directmail.com. The remaining allegations in this paragraph are denied.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

35. Admitted only that legislation titled Daniel's Law was passed in New Jersey. The remaining allegations in this paragraph consist of conjecture, opinion, and/or legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

36. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

## FACTS COMMON TO ALL COUNTS

38. Admitted.

39. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42. Admitted.

43. Admitted.

44. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied to the extent

the allegations in this paragraph misstate or mischaracterization inconsistent the language in N.J.S.A. 56:8-166.1.

45. The allegations in this paragraph are denied.

46. Admitted only that the email pasted in this paragraph purports to be an email to support@directmail.com from an @atlasmailservice.com email address with Peter Andreyev's name. Defendant denies that Mr. Andreyev sent this email to DM Group.

47. The allegations in this paragraph are denied.

48. The allegations in this paragraph are denied.

49. Defendant denies that the purported assignments were proper or valid. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

50. Defendant admits only that Individual Plaintiffs and Atlas seek to assert claims in this litigation for violations of Daniel's Law. Defendant denies that any violations of Daniel's Law occurred. All other allegations not otherwise admitted are denied.

## COUNT ONE

### (Daniel's Law)

51. This paragraph is an incorporation paragraph to which no responsive pleading is required. Defendant hereby incorporates its answers to each of the foregoing paragraphs as if they were fully set forth at length herein.

52. The allegations in this paragraph are denied.

53. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

54. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

-8-

55. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

56. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

57. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## **AFFIRMATIVE DEFENSES**

In further response to the allegations and claims set forth in the Complaint, Defendant hereby asserts the affirmative defenses and additional defenses set forth below. In asserting the following affirmative and additional defenses, Defendant does not admit that it bears either the burden of proof or burden of persuasion with respect to any matter or defense set forth below, nor does it concede that such matter (or the negation of the same) is not a part of the prima facie claims asserted by Plaintiffs in the Complaint:

1. Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part because one or more Plaintiffs lack standing to pursue their claims.

3. Plaintiffs' claims are barred completely or in part because at all times relevant to this matter, Defendant acted in good faith and complied with all applicable laws, including Daniel's Law.

4. Plaintiffs' claims are barred completely or in part because Atlas is not an appropriate assignee under Daniel's Law because one or more of the assignors are invalid.

320451733v2

5. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

6. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, as a result of, among other things, Atlas intentionally waiting and sending the takedown notices in a manner that was intended to create noncompliance.

7. Plaintiffs' claims are barred completely or in part because Atlas's actions constitute entrapment by sending takedown notices in a burdensome manner and failing or refusing to respond to Defendant with regard to questions about the notices.

8. Plaintiffs' claims are barred completely or in part because performance was impossible, as a result of, among other things, the delay and intentional sending of thousands of takedown notices in a manner intended to make it impossible to comply.

9. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages, including but not limited to delaying takedown requests and refusing to provide responses to Defendant's inquiries regarding the takedown requests.

10. The alleged damages sustained by Plaintiffs, if any, were caused by the conduct of third parties over whom Defendant had no control.

11. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages proximately caused by Defendant's actions.

12. Plaintiffs' claims are barred because this Court lacks personal jurisdiction over Defendant.

13. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply with the obligations of Daniel's Law to trigger any obligations by Defendant under Daniel's Law.

14. Plaintiffs' claims fail to the extent that Defendant is not a proper party to this lawsuit, including with respect to the websites identified in the Complaint.

15. To the extent Defendant is found to be liable to Plaintiffs, Defendant is entitled equitable indemnification from Atlas.

16. Plaintiffs' claims for liquidated damages fail to the extent that such damages would constitute an impermissible penalty and/or fail to reasonably relate to any claimed actual damages.

17. Plaintiffs' claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages and/or to the extent that such damages would be inconsistent with state or federal constitutional principles.

18. Plaintiffs' claims for injunctive relief fail to the extent that they have not set forth any basis for such relief, including as to Atlas, which is not a "Covered Person."

19. Daniel's Law may not be enforced against Defendant because it facially violates the United States and/or New Jersey Constitutions. Alternatively, application of Daniel's Law against Defendant under the facts of this case would violate the United States and/or New Jersey Constitutions.

## RESERVATION OF DEFENSES

Defendant reserves the right to assert any and all affirmative or additional defenses, both factual and legal, as may be justified by information subsequently obtained, and further incorporates any such defenses as if fully set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant DM Group, Inc. respectfully requests that the Court enter judgment against Plaintiffs and in favor of Defendant as follows:

1. Dismissing the Complaint with prejudice;

320451733v2

2. Awarding Defendant its attorneys' fees and costs; and

3. Awarding Defendant such further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action in any court or other pending arbitration proceeding, and that no other actions or arbitration proceedings are contemplated. I have no knowledge at this time of the names of any other party who should be joined in this action.

    Respectfully submitted,

    /s/ Angelo A. Stio, III
    Angelo A. Stio, III
    Melissa Anne Chuderewicz
    Stephanie L. Jonaitis
    **TROUTMAN PEPPER LOCKE LLP**
    104 Carnegie Center Drive, Suite 203
    Princeton, New Jersey 08540
    (609) 452-0808
    Angelo.Stio@troutman.com
    Melissa.Chuderewicz@troutman.com
    Stephanie.Jonaitis@troutman.com

    *Attorneys for Defendant DM Group, Inc.*

Dated: October 3, 2025

**CERTIFICATE OF SERVICE**

I, Angelo A. Stio III, hereby certify that on October 3, 2025, a true and correct copy of Defendant DM Group Inc.'s Answer was electronically filed with the Court and served on all counsel of record via the Court's ECF filing system.

/s/Angelo A. Stio, III
Angelo A. Stio III

320451733v2